United States District Court
Eastern District of Michigan
Southern Division

Wolverine Trailers, Inc. d/b/a
Hot Summer Industries,

        Plaintiff,

v.

Atlantic Casualty Insurance
Company,

        Defendant.

Case No. 2:26-cv-12253
Hon.
Mag.

**Jury Demand**

_____

Rabih Hamawi (P80481)
Law Office of Rabih Hamawi, P.C.
Attorney for Plaintiff
2000 Town Center, Suite 1900
Southfield, Michigan 48075
(248) 905-1133
rh@hamawilaw.com
_____

### Complaint for Declaratory Relief to Compel Appraisal and the Appointment of an Umpire

### Introduction

1.     This is an action for damages arising out of a fire that destroyed Plaintiff's commercial building located at 116 Frost Street, Jackson, Jackson County, Michigan (Property); destroyed its business personal property; and caused it to lose business income and incur extra expenses. Plaintiff is suing Defendant to compel appraisal on the amount of loss and appoint an

1

umpire, and alternatively, for breach of the commercial property insurance policy it issued to Plaintiff.

## Parties

2.  Plaintiff, Wolverine Trailers, Inc. d/b/a Hot Summer Industries (Wolverine Trailers), is a Michigan corporation with its principal place of business in Jackson County, Michigan.

3.  Wolverine Trailers is in the business of manufacturing and distributing trailers to dealerships.

4.  Defendant, Atlantic Casualty Insurance Company (ACIC), is a foreign insurance company incorporated in North Carolina, with its principal place of business in Goldsboro, North Carolina.

## Jurisdiction and Venue

5.  This Honorable Court has subject matter jurisdiction because the amount in controversy exceeds $75,000, exclusive of costs and interests, and Plaintiff and Defendant are citizens of different states. 28 U.S.C. 1332.

6.  Venue is proper in this judicial district because "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C.(b)(2). Further, ACIC conducts insurance business and has offices

2

and agents within this district; the insurance policy covered a property in Jackson, Michigan; and the insurance policy was purchased in Jackson, Michigan. 28 U.S.C. 1391(b).

## Common Allegations

7. ACIC issued a commercial property insurance policy to Wolverine Trailers, policy no. P243000119-0 (Policy), covering the Property's building from losses due to fire and other perils. Ex. 1, Policy.

8. The Policy provides coverage to the building for $624,924, business personal property for $48,991, business income and extra expense coverage for $160,000, among other coverages. *Id.*

9. On or about August 21, 2024, an extensive fire destroyed Wolverine Trailers Property's building and business personal property, and caused loss of business income.

10. On August 21, 2024, Wolverine Trailers was insured with ACIC under the Policy. *Id.*

11. The premiums were paid and current, and the Policy was in full force and effect at all relevant times, including August 21, 2024.

12. After the fire, Wolverine Trailers timely filed a claim under the Policy, which was assigned claim no. 01-MI-028576 (Claim).

13. As required under the Policy, Wolverine Trailers submitted to ACIC a satisfactory proof of the amount of its losses.

14.     As required under the Policy, Wolverine Trailers fully cooperated with ACIC,  and Wolverine Trailers' president, Lyle Johnson, submitted to an Examination under Oath (EUO) per ACIC's request.

15.     On or about August 28, 2024, the City of Jackson determined that the Property was dangerous and unsafe, and ordered Wolverine Trailers to vacate and demolish the Property.

16.     Wolverine Trailers completed demolition of the Property and debris removal, and submitted to ACIC an estimate to restore and rebuild the Property in the amount of $1,197,954.51. Ex. 2, Estimate.

17.     During the Claim process, Wolverine Trailers also submitted to ACIC documents establishing the amounts spent on demolition and debris removal, as well as documents supporting its loss of business income and extra expense claim.

18.     ACIC acknowledged its liability to Wolverine Trailers, and paid $387,169.73 and $29,947.91 respectively for the building damages, $16,198.80 for the business personal property and debris removal, and released the funds withheld per the fire withholding program in the amount of $124,056.57. Ex. 3, Undisputed Settlement Letter. Ex. 4, Checks.

19.     After acknowledging its liability for Wolverine Trailers' Claim, ACIC has paid a total of approximately $557,373.01.

20. During the Claim process, a dispute arose between ACIC and Wolverine Trailers regarding the amount of loss as it relates to the Property's building, business personal property, debris removal, and business income and extra expense, and the depreciation holdback.

21. As a result, and as permitted under Michigan law and the Policy, on May 8, 2026, Wolverine Trailers demanded appraisal to determine the amount of the loss. Ex. 5, Appraisal Demand.

22. The ACIC Policy states:

**2. Appraisal**

If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

a. Pay its chosen appraiser; and

b. Bear the other expenses of the appraisal and umpire equally.

Ex 1, Policy at p 31.

23. In the Business Income coverage form, the ACIC Policy also states:

### 1. Appraisal

If we and you disagree on the amount of Net Income and operating expense or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of Net Income and operating expense or amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

a. Pay its chosen appraiser; and

b. Bear the other expenses of the appraisal and umpire equally.

Ex 1, Policy at p 42.

24.     MICH COMP. LAWS 500.2833(m) mandates that disputes regarding the amount of loss be submitted to conclusive appraisal upon the demand of either party to an insurance policy:

(m) That if the insured and insurer fail to agree on the actual cash value or amount of the loss, either party may make a written demand that the amount of the loss or the actual cash value be set by appraisal. If either makes a written demand for appraisal, each party shall select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days after receipt of the written demand. The 2 appraisers shall then select a competent, impartial umpire. If the 2 appraisers are unable to agree upon an umpire within 15 days, the insured or insurer may ask a judge of the circuit court for the county in which the loss occurred or in which the property is located to select an umpire. The appraisers shall then set the amount of the loss and actual cash value as to each item. If the appraisers submit a written report of an agreement to the

6

insurer, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any 2 of these 3 shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by the insured and the insurer.

25.    On May 21, 2026, ACIC responded to Wolverine Trailers' Appraisal demand and refused to participate in the statutory appraisal process, stating that there is no further coverage available to Wolverine Trailers because Wolverine Trailers allegedly failed to mitigate its damages when it demolished the Property. Ex. 6, ACIC Appraisal Rejection, at p 3, 8.

26.    ACIC further refused to participate in the appraisal process, alleging that the claim is not ripe for appraisal because the parties' dispute constitutes a coverage dispute, rather than a dispute regarding the amount and scope of the loss. *Id.* at p 4.

27.    ACIC further refused to participate in the appraisal process regarding the business claim and extra expense amounts owed to Wolverine Trailers. *Id.*

### Count I
### Request for Declaratory Relief

28.    Wolverine Trailers realleges and reincorporates paragraphs 1 through 27.

29.   An actual justiciable controversy exists between Wolverine Trailers and ACIC, and under FED. R. CIV. P. 57 and 28 U.S.C. 2201 and 2202, this Honorable Court is invested with the power to declare the rights and liabilities of the parties and to grant such relief as it deems necessary and proper.

**A.   Wolverine Trailers is entitled to have its disagreement with ACIC over the amount and scope of loss be resolved through the statutorily mandated Appraisal process.**

30.   ACIC's assertion that appraisal is not the appropriate remedy to resolve any disagreements over the scope or extent of damage arising from the loss is contrary to Michigan case law holding that once the insurer admits liability for a loss, determining which items were damaged as a result of the covered cause of loss is for the appraisers to resolve in their determination of the amount of loss. See *Auto-Owners Ins. Co. v. Kwaiser*, 190 Mich. App. 482, 488, 476 N.W.2d 467, 470 (1991) ("The decision of the appraisers with regard to what particular articles or items of property are embraced within the general description of the property they are to appraise for damages is final and conclusive); *Hart v. State Farm Fire & Cas. Co.*, 556 F. Supp. 3d 735 (E.D. Mich. 2021) ("Plaintiffs' claims for damages due to the amount and scope of the covered causes of loss must be submitted to appraisal

under MCL 500.2833(1)(m)"); *Olivet College v. Indiana Ins. Co.*, No. 98-cv-821 (W.D. Mich. 1998) ("under Michigan law, the Court is to determine what is covered and what is not covered under the policy, and the appraisers then determine whether a particular item meets the definition provided by the Court"); *Smith v. State Farm Fire & Cas. Co.*, 737 F. Supp. 2d 702, 710-712 (E.D. Mich. 2010) ("Where the insurer has already conceded coverage for the loss, as State Farm has here, deciding what damages fall into which of the two defined categories seems appropriately addressed by the appraisers... this case involves issues as to the scope of the damage caused by an admittedly covered loss, an issue appropriately decided in the appraisal process"); *UrbCamCom/WSU I, LLC v. Lexington Ins. Co.*, No. 12-CV-15686, 2014 WL 1652201, at *5 (E.D. Mich. Apr. 23, 2014) ("the amount of business interruption losses owing in this case is a 'scope-of-loss' issue as to the amount of damages owing, and is not a coverage issue for the court to decide"); *The D Boys, LLC v. Mid-Century Ins. Co.*, 644 F. App'x. 574, 578 (6th Cir. 2016) ("once an insurer admits that a loss is covered under its policy, a court is statutorily mandated to order the parties to participate in Michigan's statutory appraisal process, as the parties do not dispute liability and only are at odds about the amount of the loss");

9

*Scottsdale Ins. Co. v. Altman Mgmt. Co.*, No. 19-11405, 2019 WL 5212215, at *7 (E.D. Mich. Oct. 16, 2019) ("The determination of the restoration period is a factual question about damages.").

31.    There is no legal basis for ACIC to deny Wolverine Trailers its statutory right to invoke the appraisal process to resolve its respective disputes with ACIC concerning the amount and scope of loss.

WHEREFORE, Plaintiff, Wolverine Trailers, Inc. d/b/a Hot Summer Industries, respectfully requests this Honorable Court to enter a judgment in its favor and against Defendant, Atlantic Casualty Insurance Company, declaring the following:

A.    Appraisal is the appropriate remedy to resolve disagreements over the scope (i.e. extent) of damage arising from a loss where coverage for the loss has been admitted;

B.    Wolverine Trailers' claims must be submitted to Appraisal under MICH. COMP. LAWS 500.2833(1)(m) and ACIC must name its appraiser without delay; and

C.    Awarding all such other relief the Court deems appropriate and just in equity and good conscience.

10

## Count II
## Breach of Contract

32.    Wolverine Trailers realleges and reincorporates paragraphs 1 through 31.

33.    An insurer must pay the insured's claim within 30 days of receipt of satisfactory proof of the amount of loss. MICH. COMP. LAWS 500.2833; MICH. COMP. LAWS 500.2006.

34.    Although ACIC has partially paid for the Property's building damages, the business personal property, and debris removal, it has failed to pay all other amounts due and owing to Wolverine Trailers.

35.    ACIC's actions constitute breach of the insurance contract with Wolverine Trailers.

36.    For the reasons described above, ACIC breached the parties' Policy when it refused to submit Wolverine Trailers' claims to mandatory statutory appraisal under MICH. COMP. LAWS 500.2833(1)(m).

37.    As a direct and proximate result of ACIC's breach of the parties' Policy, ACIC remains indebted to Wolverine Trailers for its insured losses, and for its incidental and consequential damages that were in the contemplation of the parties at the time the contract was made, or which are the natural and usual consequence of a breach of a property insurance contract. These consequential damages include, but are not limited to,

additional damage to the building, loss of business income, extra expenses, expert fees, attorney fees, and 12-percent penalty interest.

38.    Wolverine Trailers is entitled to Judgments for the amounts of loss as determined by the Appraisal panel, plus all incidental and consequential damages incurred by Wolverine Trailers that were in the contemplation of the parties at the time the contract was made, or which are the natural and usual consequence of a breach of a commercial property insurance contract.

39.    Under MICH. COMP. LAWS 500.2006, an insurer must pay an insured an additional 12 percent penalty interest when an insurer fails to pay the insured's claims within 60 days of receiving satisfactory proof of loss.

40.    Under MICH. COMP. LAWS 500.2006, ACIC must pay Wolverine Trailers an additional 12 percent penalty interest on all overdue amounts that ACIC has failed to timely pay.

41.    Due to ACIC's refusal, Wolverine Trailers has been unable to proceed with the statutory appraisal process under the Policy and Michigan law.

42.    Wolverine Trailers requests that this Honorable Court appoint a) Bill Butler; b) Retired Judge Amy Hathaway; or c) attorney James R. Case; as an umpire for the Claim to determine the amount and scope of loss under the Policy and Michigan law.

12

WHEREFORE, Plaintiff, Wolverine Trailers, Inc. d/b/a Hot Summer Industries, respectfully requests this Honorable Court to enter an Order affording the following relief:

A.   That a judgment of liability under the Policy be entered for Plaintiff Wolverine Trailers, Inc. d/b/a Hot Summer Industries, and against Defendant Atlantic Casualty Insurance Company;

B.   That the disputes concerning the amounts and scope of loss be submitted to Appraisal under MICH. COMP. LAWS 500.2833(1)(m) and the Policy;

C.   That a judgment be entered for Plaintiff Wolverine Trailers, Inc. d/b/a Hot Summer Industries, and against Defendant Atlantic Casualty Insurance Company in the amounts of the respective appraisal awards;

D.   That a judgment be entered for Plaintiff Wolverine Trailers, Inc. d/b/a Hot Summer Industries for all incidental and consequential damages incurred by it that were in the contemplation of the parties at the time the contract was made, or which are the natural and usual consequence of a breach of a commercial property insurance contract;

E.   That Plaintiff Wolverine Trailers, Inc. d/b/a Hot Summer Industries be awarded penalty interest under MICH. COMP. LAWS

13

500.2006;

F.    That Plaintiff Wolverine Trailers, Inc. d/b/a Hot Summer Industries be awarded statutory interest, taxable costs, and attorney fees; and

G.    Any other relief this Honorable Court deems just and appropriate.

Respectfully submitted,

Law Office of Rabih Hamawi, P.C.

*/s/ Rabih Hamawi*
Rabih Hamawi (P80481)
Attorney for Plaintiff
2000 Town Center, Suite 1900
Southfield, Michigan 48075
(248) 905-1133
rh@hamawilaw.com

Date: July 3, 2026

14

United States District Court
Eastern District of Michigan
Southern Division

Wolverine Trailers, Inc. d/b/a
Hot Summer Industries,

       Plaintiff,

v.

Atlantic Casualty Insurance
Company,

       Defendant.

Case No. 2:26-cv-12253
Hon.
Mag.

**Jury Demand**

_____

Rabih Hamawi (P80481)
Law Office of Rabih Hamawi, P.C.
Attorney for Plaintiff
2000 Town Center, Suite 1900
Southfield, Michigan 48075
(248) 905-1133
rh@hamawilaw.com

_____

### Demand for Jury Trial

Plaintiff, Wolverine Trailers, Inc. d/b/a Hot Summer Industries,

demands a jury trial in this cause of action.

       Respectfully submitted,

       Law Office of Rabih Hamawi, P.C.

       */s/ Rabih Hamawi*
       Rabih Hamawi (P80481)
       Attorney for Plaintiff
       2000 Town Center, Suite 1900

15

Southfield, Michigan 48075
(248) 905-1133

Dated: July 3, 2026                                rh@hamawilaw.com

16